# EXHIBIT BB

**U. S. Department of Justice**

Office of the Deputy Attorney General

---

The Deputy Attorney General

*Washington, D.C. 20530*

September 17, 2020

MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

FROM:   Jeffrey A. Rosen
        Deputy Attorney General

SUBJECT:   Charging in connection with violent rioting, including 18 U.S.C. § 2384

Unfortunately, despite valiant efforts by federal, state, and local law enforcement authorities, we still see the results of and continued instances of violent rioting in cities across the United States. Primary responsibility for responding to such violence usually falls to state and local law enforcement authorities. But the Department of Justice and our federal partners must continue to assist in that response. Part of that federal assistance includes, where appropriate, charging violent rioters under federal law.

The Attorney General and I recently discussed with you the need to consider the use of a variety of federal charges when they may be appropriate, including "Seditious conspiracy" under 18 U.S.C. § 2384. I want to re-emphasize that message. As was previously pointed out, Section 2384 does *not* require proof of a plot to overthrow the U.S. Government, despite what the name might suggest. As the Attorney General noted in our discussion with you, it also applies to conspiracies with any of the following objects:

- "to oppose by force the authority [of the Government of the United States]";
- "by force to prevent, hinder, or delay the execution of any law of the United States"; or
- "by force to seize, take, or possess any property of the United States contrary to the authority thereof."

*Id.* The statute authorizes fines and a prison term of up to twenty years. *See id.* In appropriate cases—for instance, where a group has conspired to take a federal courthouse or other federal property by force—you should consider a charge under Section 2384, among other potentially available charges.

Unfortunately, mention of the possible applicability of Section 2384 has been leaked to the press and was both misrepresented and criticized in the media. I know that you share my disappointment over selective leaks of internal Department communications and deliberations which seem designed to misrepresent what the Department is actually doing to protect the rights and interests of the American people. Like me, I hope that you take comfort in knowing that the overwhelming majority of the Department's employees continue to perform their jobs in an ethical manner.

Case 1:20-cr-00018-SPB   Document 37-28   Filed 04/03/21   Page 3 of 3

Memorandum from the Deputy Attorney General
Subject:  Policy, Guidance, and Procedures Regarding Discoverable Information                    Page 2

Critics of the inclusion of Section 2384 in a list of available statutes appear not to have read beyond the section's title.  Those who have actually read the statute recognize that the text of Section 2384 could potentially apply to some of the violent acts that have occurred.  Others have noted, correctly, that Attorney General Eric Holder and U.S. Attorney Barbara McQuade brought charges under Section 2384 against nine defendants in 2010.  That indictment alleged that the defendants conspired to "oppose by force the authority" of the U.S. Government through a coordinated attack against law enforcement officials.  While that prosecution was not ultimately successful, its failure was based on the facts of the case, not any infirmity in the statute itself.  You should not allow inaccurate reporting to discourage you and your teams from assessing potential charges under Section 2384, or any other statute enacted by Congress, where appropriate under the facts and law.

As has also been discussed, there are several other federal offenses you should consider in charging defendants involved in violent riots, to the extent they may apply.  Those include:

- Damage to Federal Property, 18 U.S.C. § 1361
- Use of Fire or Explosives, 18 U.S.C. § 844
- Civil Disorder, 18 U.S.C. § 231(a)
- Riots, 18 U.S.C. § 2101(a)
- Interstate Communications, 18 U.S.C. § 875
- Damage to Veterans Monuments, 18 U.S.C. § 1369
- Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, 18 U.S.C. § 1952

Of course, each charging decision should be made solely based on the law and the facts of the particular case.

I wish to express my appreciation to you and your teams for the good work to date in addressing these dangerous and sometimes deadly acts of violence.  Please keep up the good work and continue to protect the American people.