# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 1:20-cr-00018-SPB-1 |
| ) | |
| MELQUAN BARNETT, ) | |
| Defendant. ) | |
| ) | |

## ORDER OF COURT SCHEDULING SENTENCING HEARING

AND NOW, this 4th day of January 2023, IT IS HEREBY ORDERED that the sentencing hearing for the defendant is set for **May 2, 2023 at 1:30PM** in Courtroom A, United States Courthouse, 17 South Park Row, Erie, Pennsylvania.

1. On or before **April 25, 2023,** each counsel shall submit to the Court the following:

    A. A Sentencing Memorandum addressing individually each of the 18 U.S.C. § 3553(a) factors which counsel deems relevant to this Court's consideration and determination of (i) an appropriate advisory guidelines sentence, including, but not limited to: (a) the potential range of the term of imprisonment; (b) the potential range of the term of supervised release or probation; (c) conditions of supervised release or probation; (d) restitution; and (e) forfeiture. Said Sentencing Memorandum shall also include any requests for variances from the advisory guidelines sentencing range and may include a specific sentencing recommendation. All requests/motions for departures, or calculations or adjustments of Criminal History Category or any other matter affecting the calculation of the Advisory Sentencing Guidelines must be set forth in the "position

With Respect to Sentencing Factors," and not be raised for the first time in the Sentencing Memorandum.

        The Court will consider those facts and factors set forth in the Presentence Report to which there is no dispute, facts and factors that were in dispute but resolved by the Court prior to sentencing, and the particular section 3553(a) factors that have been specifically identified by the parties as required in 1(A) and (B) of this Order, in arriving at an appropriate sentence. Pursuant to Fed. R. Crim. P. 32(e)(2), the Court will not disclose to any counsel or the Defendant the sentencing recommendation of the Probation Office. The Court will not utilize or rely on any fact not disclosed to all counsel and the Defendant in setting the sentence.

B. A Joint Status Report stating whether an evidentiary hearing is needed on any matter that is relevant to sentencing, including departure motions and requests for variances from the guidelines. In deciding whether an evidentiary hearing is necessary, counsel need not take into account defendant's allocution or statements by family members, friends and other persons speaking generally on behalf of the defendant in support of mitigation. If either counsel requests an evidentiary hearing, however, the Joint Status Report shall identify each witness who will be called, the party calling each witness, the subject matter and brief summary of each witness's testimony, and a good father estimate of the time each witness will testify on direct and cross examination.

2.     Any motions for downward or upward departures from the advisory guidelines sentence range or any matter related to calculations of the Criminal History Category must be set

forth in the "Position With Respect to Sentencing Factors" as set forth in Local Criminal Rules 32(C)(4). Failure to raise such issues in a timely matter may result in their denial.

        3.       Counsel for the United States is responsible for obtaining any necessary writs for the appearance of the Defendant.

        4.       As to Defendants not in custody, counsel for the United States shall advise the Court and counsel for the Defendant of the position of the United States regarding custody issues post-sentencing at least twenty-four (24) hours in advance of the sentencing hearing.

        BY THE COURT:


s/*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge


cc:     All counsel of record.